```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

ESTATE OF EDWARD NICHOLSON                CIVIL ACTION

VERSUS                                    NO. 07-5414

FARMERS INSURANCE COMPANY                 SECTION "R" (5)


**ORDER AND REASONS**

Before the Court is defendant Farmers Insurance Exchange's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  For the following reasons, the Court GRANTS the motion.

**I.    BACKGROUND**

The Estate of Edward Nicholson, along with 18 other named plaintiffs, filed a putative class action complaint against Farmers and 11 other insurers on September 29, 2006, to recover homeowners insurance benefits allegedly owed for losses incurred in connection with Hurricane Katrina. *See Terrebonne v. Allstate Ins. Co.*, No. 06-4697 (E.D. La. closed Aug. 7, 2007).  On July 31, 2007, the Court granted defendant Allstate Insurance Company's motion to strike the class allegations.  On August 7, 2007, the Court further ordered plaintiffs to file amended complaints for each property claim.

Pursuant to the Court's order, plaintiff's counsel filed this action on behalf of the Estate of Edward Nicholson on September 5, 2007.  The complaint alleges that Farmers insured Nicholson's property located at 2200 Bartola Drive, Meraux, Louisiana.  The complaint further alleges that as a result of Hurricane Katrina, the property was rendered a total loss, and plaintiff is entitled to the face value of the policy.  Plaintiff seeks damages, attorneys fees, and penalties pursuant to La. R.S. §§ 22:1220 and 22:658.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.   Rule 56(f) Motion**

Plaintiff opposes defendant's motion for summary judgment, and alternatively suggests that the Court grant a Rule 56(f) continuance or dismiss defendant's motion as premature.  Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f). Rule 56(f) is designed to safeguard against a premature or improvident grant of summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). To obtain a Rule 56(f) continuance, the nonmovant must, *by affidavit*, present specific facts explaining its inability to make a substantive response and demonstrate "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* at 1285 (quoting *Sec. and Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)).

Although plaintiff has cited the Rule 56(f) standard, it has not included in its opposition any affidavit, by counsel or otherwise, demonstrating "how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact." *Washington*, 901 F.2d at 1286 (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). As plaintiff has not complied with the requirements set out in the Federal Rule, the Court must deny plaintiff's Rule 56(f) motion.

**B.   Breach of Contract**

Defendant moves for summary judgment contending that plaintiff is not entitled to recover any insurance benefits because plaintiff's homeowner's policy expired more than eight months before the alleged loss. Plaintiff's claims for wind

damages and for a total loss pursuant to Louisiana's Valued Policy Law (VPL) are contingent on plaintiff's being able to show a valid homeowner's policy at the time of the loss.

Farmers has introduced evidence that Nicholson's insurance policy for 2200 Bartolo Street expired in November of 2004. Nicholson purchased the Farmer's policy on November 12, 2002. (Pl.'s Ex. C at FIE-NICH 0001-0057; DeWall Aff. ¶¶ 4-5.) Nicholson renewed the policy once, which renewal became effective on November 25, 2003. (Pl.'s Ex. C at FIE-NICH 0001-0057; DeWall Aff. ¶ 6.)  On October 1, 2004, Farmers sent Nicholson a renewal notice to continue coverage for the property from November 25, 2004, through November 25, 2005. (Pl.'s Ex. A; Ex. B at FIE-NICH 0001-0052; Ex. C  at FIE-NICH 0001-0057; DeWall Aff. ¶ 7.)  The renewal notice included an invoice for the total amount due, $1207.45.  Additionally, the declarations page listed the amount due and stated, "This policy will continue for successive policy periods, if: (1) we elect to continue this insurance, and (2) if you pay the renewal premium for each successive policy period as required by our premiums, rules and forms then in effect." (Pl.'s Ex. A at FIE-NICH 0001-0004.)  Farmers attests that Nicholson never paid the amount due, and therefore the policy expired for "non-payment of premium." (Pl.'s Ex. B; Ex. C; DeWall Aff. ¶¶ 12, 16.)

On December 1, 2004, Farmers issued an expiration notice to Nicholson. (*See* Pl.'s Ex. C at FIE-NICH 0001-0057; Ex. D; DeWall Aff. ¶ 19.)  The notice informed Nicholson that no payment had been received, and that his policy "expired effective 11-25-04." (Pl.'s Mot., Ex. D.)  It further provided an option for Nicholson to make his payment by December 16, 2004 in order to maintain coverage.  Farmers did not receive payment from Nicholson, and therefore Nicholson's homeowners policy expired as of its renewal date, November 25, 2004. (Pl.'s Ex. C at FIE-NICH 0001-0057; DeWall Aff. ¶ 20.)

Plaintiff cannot recover for losses which occurred after the expiration of the insurance policy. *See Davis v. Mayberry*, 697 So. 2d 364 (La. App. 1997).  Defendant has introduced evidence that plaintiff's insurance policy expired in November of 2004, approximately nine months before Hurricane Katrina. Although defendant sent a notice of renewal to Nicholson, Nicholson never paid the premium to renew the policy. Accordingly, the Court finds that Farmers is not liable to plaintiff as it was not insured by Farmers at the time of the loss.

Plaintiff contends that Farmers is still liable because it never notified Nicholson that it had cancelled the policy, as required by La. R.S. § 22:636.  The Court finds that Farmers did

not cancel the policy, rather it expired of its own terms. Under these circumstances, Louisiana courts have held that the insurer is not required to send a notice of cancellation. *See Legier v. Community Plasma Center*, 649 So. 2d 498, 499-500 (La. App. 1994); *Schoemann v. Turnwood Development Corp.*, 421 So. 2d 353, 355 (La. App. 1982) ("When a policy expires, rather than is cancelled, no notice of the lapse of the policy's provisions is required.").

When the insurance company does not unilaterally cancel the policy, but rather the period for which the policy was written and the coverage contracted for have expired because of nonpayment of a renewal premium, the insurer is not obliged to mail notice of cancellation.  Louisiana courts have defined "cancellation" as "the termination of coverage under an insurance contract, before the contractual termination date of coverage, with or without cause, by unilateral action of the insurer." *Mezzacappo v. Travelers Ins. Co.*, 523 So. 2d 291, 294 (La. App. 1988); *see also Schoemann*, 421 So. 2d at 356 (quoting *Arceneaux v. Broussard*, 319 So. 2d 846 (La. App. 1975)) (cancellation is a "disruption" or "termination" by the insurer).  Cancellation of the policy by the insurer therefore requires notice to the insured "to afford him sufficient time to obtain other insurance protection." *Broadway v. All-Star Ins.*

*Co.*, 285 So. 2d 536, 539 (La. 1973); *see also Schoemann*, 421 So. 2d at 356; La. R.S. 22:636.

Unlike in the situation in which the insurer unilaterally cancels the policy, the insured should be aware that she or he is no longer insured after receiving a renewal notice and not paying the amount due. *See Gulf Coast Inv. Corp. v. Sec'y of Hous. and Urban Dev.*, 509 F. Supp. 1321, 1325 n.15 (E.D. La. 1980) ("The very terms of a contract for insurance coverage for a specified term ... put the insured on notice that the policy will terminate if the renewal premium is not received prior to expiration of the coverage period."); *Legier*, 649 So. 2d at 499-500 ("The willingness to renew an insurance policy may be manifested by the insurer by giving the insured notice of the renewal premium.  If the insured fails to timely pay the premium, the policy expires according to its terms.") (internal citations omitted).  The facts of this case are similar to those in *Legier, supra*.  Farmers sent a renewal notice to Nicholson, who then failed to timely pay the premium.  Nicholson's policy then expired of its own terms.  As Farmers did not "cancel" the policy, it was not obliged to mail Nicholson notice of a cancellation. *See, e.g., Thomas v. American Bankers Ins. Group*, 627 So. 2d 228, 230 (La. App. 1993).

Plaintiff does not introduce any evidence to controvert

defendant's evidence that Nicholson's policy expired before the alleged loss, as it was required to do in opposing the motion for summary judgment. *See Celotex*, 477 U.S. at 325; Fed. R. Civ. P. 56(e).  Plaintiff's opposition consists only of the contention that defendant "cancelled" the policy because Farmers used the word "cancel" in its internal documents and databases, and therefore Farmers was obliged to send notice of the cancellation to Nicholson.  Farmers has provided evidence that it uses the term "cancel" to refer to both canceled and expired policies. (*See* DeWall Aff. ¶ 25) ("The Farmers ... computer systems use the terms 'cancel,' 'cancelled,' and 'cancellation' in connection with cancelled and expired policies.")  Further, the Court looks to Louisiana law and the language of the contract itself to determine defendant's obligations under the insurance policy, not to the language Farmers used in its internal databases.  Particularly where "cancellation," "expiration," and "termination" have become legal terms of art under Louisiana law, *see Gulf Coast Investment Corporation, supra,* the Court must consider the facts and the insurance policy before it, not the terminology Farmers, a national insurance company, used in its internal documents.  Farmers' use of the term "cancellation" does not, therefore, create a genuine issue of material fact regarding whether Farmers cancelled the

policy or it expired of its own accord.

### C.     Penalties and Attorneys Fees

Plaintiffs' claims for penalties and attorneys fees pursuant to La. Rev. Statutes §§ 22:1220 and 22:658 are also dismissed because plaintiffs have not alleged a valid, underlying breach of contract claim. *Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83, 85 (La. App. 1995) ("a plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based."); *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002).

### IV.    CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this <u>20th</u> day of March, 2008.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE